UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEFERINO PIMENTEL MENDOZA, | 1:08-CR-0482 (PKC) |
| Petitioner, | |
| -against- | 1:22-CV-5942 (LTS) |
| WARD JAMISON, | TRANSFER ORDER |
| Respondent. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated in the Federal Correctional Institution Allenwood, in White Deer, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his conviction and sentence entered in this court in *United States v. Mendoza*, ECF 1:08-CR-0482, 33 (S.D.N.Y. Jan. 13, 2010), *aff'd*, No. 10-358-cr (2d Cir. Nov. 22, 2011). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

The proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2255, not Section 2241. Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Petitioner has already challenged his conviction and sentence by filing a Section 2255 motion. That motion was denied on the merits, and Petitioner's appeal of the denial of that motion was dismissed. *Mendoza v. United States*, Nos. 13-CV-1160, 08-CR-482, 2014 WL 549408 (S.D.N.Y. Feb. 11, 2014), *appeal dismissed*, No. 14-639 (2d Cir. Dec. 10, 2014).

A submission is a second or successive Section 2255 motion when a previous Section 2255 motion that challenged the same conviction or sentence was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize a

submission as a second or successive Section 2255 motion without providing the filing litigant an opportunity to withdraw the submission. *Jiminian*, 245 F.3d at 148. Because Petitioner has already filed a Section 2255 motion that was decided on the merits, the Court recharacterizes the present submission as a second or successive Section 2255 motion.

Before a movant may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Petitioner has not indicated that he has received authorization from a court of appeals to file this second or successive Section 2255 motion. Petitioner must therefore request permission to pursue this second or successive Section 2255 motion from the appropriate court of appeals. Because second or successive Section 2255 motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Second Circuit, *see* 28 U.S.C. § 1631.

## CONCLUSION

In the interest of justice, the Court construes Petitioner's Section 2241 petition as a second or successive Section 2255 motion, and transfers it to the United States Court of Appeals for the Second Circuit. *See* § 1631; *Liriano*, 95 F.3d at 122-23 (holding that second or successive Section 2255 motions should be transferred to the appropriate court of appeals under Section 1631). This order closes this action in this court.

Because this motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a

defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:   July 14, 2022
         New York, New York

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
Chief United States District Judge